UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUCOB RYLANDER,

                        Plaintiff,

            -against-

INTERCONTINENTAL TERMINALS
COMPANY LLC; BRENT COON AND
ASSOCIATES,

                        Defendants.

---

1:25-CV-4377 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Yucob Rylander, of Houston, Texas, brings this *pro se* action naming as

defendants Intercontinental Terminals Company LLC ("ITC") and Brent Coon and Associates

("BCA").[1] He invokes both federal and New York State law "seeking a declaration that [the] . . .

orders in *Rylander v. Intercontinental Terminals Company LLC*, S.D. Tex. No. 4:19-cv-01490,

are void ab initio due to egregious procedural and constitutional violations."[2] (ECF 1, at 1.)

Plaintiff also asks the Court to: (1) "reopen" *Acevedo v. Intercontinental Terminals Co. LLC*,

4:19-CV-4051 (S.D. Tex.),[3] under Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure

and under the All Writs Act; (2) "[d]eclare the [r]elease void ab initio due to fraudulent

---

[1] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, court submissions that refer to a minor child may only do so by using the child's name's initials. Fed. R. Civ. P. 5.2(a)(3). In his *in forma pauperis* application, Plaintiff reveals the full name of a minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to that submission to a "case participant-only" basis.

[2] This appears to be a reference to a closed civil action that had been filed in the United States District Court for the Southern District of Texas, known as *Munoz v. Intercontinental Terminals Co. LLC*, 4:19-CV-1460 (S.D. Tex.). Plaintiff is not listed on the docket of that action as either a plaintiff or a defendant. Rather, he is listed as an "interested party."

[3] That closed action was removed from a Texas state court to the United States District Court for the Southern District of Texas. Plaintiff was a named plaintiff in that action, which appears to have been consolidated with *Munoz*, 4:19-CV-1460 (S.D. Tex.).

inducement"; (3) grant Plaintiff leave to file an amended complaint "against ITC" due to "negligence," "[g]ross negligence," and "[f]raudulent concealment"; (4) order "disgorgement of all ill-gotten settlement funds"; (5) award him more than $5,000,000 in compensatory damages; (6) award him punitive damages pursuant to Texas law; and (7) "[r]efer counsel for disciplinary action."[4] (*Id.* at 41.) For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Texas.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

---

[4] This Court notes that, on April 17, 2025, in *Munoz*, 4:19-CV-1460 (S.D. Tex.), Plaintiff filed a motion "to vacate settlement" under Rule 60(b)(3) of the Federal Rules of Civil Procedure. By order dated April 24, 2025, District Judge Kenneth M. Hoyt of that court denied that motion. Four days later, on April 28, 2025, Plaintiff filed a "supplement" to that motion. On May 5, 2025, Judge Hoyt ordered the supplement stricken from the record and directed the Clerk of that court to reject any further filings submitted in *Munoz*, 4:1-CV-1460 (S.D. Tex), or in any of the actions consolidated into that action, noting that there were no longer any plaintiffs with any pending claims against any defendant.

While Plaintiff alleges facts that seem to suggest that ITC resides within this judicial district,[5] he alleges nothing to suggest that BCA resides within the State of New York, let alone, within this judicial district. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff, who resides in Houston, Texas, within the Southern District of Texas, *see* 28 U.S.C. § 124(b)(2), seems to allege that a substantial part, if not all, of the events that are the bases for his claims occurred within that judicial district. He alleges little or no facts showing whether any of the alleged events occurred within this judicial district. Thus, while it is also unclear that this court is a proper venue for this action under Section 1391(b)(2), it is clear that the United States District Court for the Southern District of Texas is a proper venue for this action under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice,

---

[5] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part of the events giving rise to his claims occurred within the Southern District of Texas, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Southern District of Texas, which is a proper venue for Plaintiff's claims under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 3, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge